# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 29, 1927.

SECURITY STORAGE AND TRUST COMPANY, SURVIVING TRUSTEE UNDER THE WILL OF ANDREW JACKSON BURKE,

VS.

MARY BURKE BRADFORD, ET AL.

*William H. Lawrence* and *Joseph T. Molz* for Security Storage and Trust Company.

*Edward J. Colgan* for child No. 1 (Mrs. Taylor).

*George T. Mister* for child No. 2 (Mrs. Marshall).

*Joseph France* for children of child No. 3 and child No. 4.

O'DUNNE, J.—

QUESTION INVOLVED.

Construction of the will is asked by the trustee to determine what becomes of the income heretofore payable to one of the five children of testator, which child died without leaving child or children him surviving (herein designated as child No. 5).

(1) Do the two surviving children of testator take this income as joint tenants? Answered, "No." Not within the language of our Court of Appeals. Kuntz vs. Lucas, Daily Record, March 9, 1927.

(2) Is the income of child No. 5 (deceased) impounded in hands of trustee till termination of trust (on death of last survivor of original five children)? Answered, "No."

(3) *Decided*, that the *income* of deceased child No. 5 is now payable during life of the trust to the surviving children of testator, in common with the children of deceased children of testator, per stirpes and not per capita.

Testator died February, 1902, leaving a widow and five children, which children we will designate as Nos. 1, 2, 3, 4 and 5.

(All the property was left in trust to the widow for life. She renounced under the will and took her legal share.)

Provision as to the five children is for the creation of a trust estate for the benefit of the five children during the life of each child, *"and upon the death of the last survivor of said five children, the trust shall cease and the property then vest absolutely in his grandchildren, who are to take per capita and not per stirpes."* (Item 2.)

It is provided that upon the death of any one of the *grandchildren*, the interest of the grandchild so dying shall go to his (testator's) surviving *grandchildren* in equal degree, equally. No provision in the will with reference to his *children* (viz. the five children) as to what happens on death of one of them.

Children of the testator Nos. 1 and 2 are now living, each having living children (grandchildren of testator).

Child No. 1 represented by Edward J. Colgan (Mrs. Taylor).

Child No. 2 represented by George T. Mister (Mrs. Marshall).

Child No. 3 (now deceased, leaving two living children, grandchildren of testator) represented by Joseph France, but at the time of the agreement hereinafter referred to, child No. 3 was alive.

Child No. 4 (now deceased, leaving one surviving child) also represented by Mr. France. (Child No. 4 being alive at time of making agreement referred to.)

Child No. 5 had two children (grandchildren of testator) both of which children died in the lifetime of child No. 5, and child No. 5 is now dead without leaving any child him surviving. (Child No. 5 was also a party to said agreement.)

The question now arising is what shall the trustee now do with the *in-*come heretofore paid to child No. 5?—as to which it is claimed the *will* is silent, and the agreement hereafter referred to is also silent.

The bill alleges that heretofore a bill was filed in the Circuit Court to have the will construed, but the Court refused to construe the will during the joint lives of the five children. Thereupon the five children entered into a written agreement signed by all of them in June, 1902, in which all five children asserted and agreed that they knew independently of the will the intention of the testator to be as follows. and covenanted to carry it out, to wit:

That one-fifth of *income* of the corpus of the trust estate was payable to each of the five children, and on death of its parent to child or children him or her surviving.

Child No. 5 was then living, and then having two children, who have since died before the death of child No. 5, which child No. 5 has also since died, and the question is what now becomes of the income that was heretofore paid to child No. 5 during his lifetime?

I find said agreement silent as to disposition of income in the event of death of one of the five children without child or children him surviving. Therefore, I am of the opinion that present disposition of said income must be governed by the actual provisions of the will itself, without reference to the formal agreement (which is silent thereon) except as to children of original five children being entitled to income in place of deceased parents. There would be intestacy thereof, except for the clause vesting all the property in trustees, subject to the terms of the trust which are that it shall continue as to corpus until the death of the last survivor of the five children and then distribution shall be made to the grandchildren in equal degrees equally, *per capita* and not *per stirpes*.

Item 2—The trustee is to hold the estate "for the use and benefit of the children."

Under Item 3, the language is "rents, issues and profits to be paid to my children as above designated." (In another place the language is, "for the joint benefit of all parties interested.")

Children Nos. 1 and 2 (defendants Mrs. Taylor and Mrs. Marshall) are estopped from contending that this designates *them* as the *sole* beneficiaries

of the income in question, to the exclusion of the children of deceased children Nos. 3 and 4. This is so because of covenants in the agreement, and I do not think the language "for the joint benefit of all parties interested," creates a joint tenancy in income for their benefit.

The decision of Judge Carroll T. Bond, in March, 1916, was to the effect that the disposition of income during the life of the longest survivor of the original five children is controlled by the agreement (insofar as its provisions cover conditions presented). His decree being but a few lines, I quote it here:

March 14, 1926.

"My opinion is that the agreement of the children named in the will as beneficiaries of the trust controls completely the disposition of the income during the lifetime of the longest survivor of them and that accordingly the child or children of any deceased child shall receive a one-fifth portion of such income during the existence of the trust.

"A decree will be signed accordingly.

(Signed) CARROLL T. BOND."

The object of the agreement was evidently to cover a contingency not provided for in the will, to wit: that *as to income* children or child of a deceased child should take the income originally payable to parent, but, strange to say, no provision was made in the formal agreement as to disposition of income of anyone of the five children in the event of his dying without child or children him surviving, nor *as to income* is there any provision in the will on the happening of such contingency.

I am therefore of the opinion that *effect* must be given to that clause of the will which says that the trustee shall *"hold for the use and benefit of the children"* (meaning the original five) and that by virtue of the formal agreement, children of children take their parents' share *in income;* and that now to impound one-fifth of the income to the time of the termination of the trust, which will be at the time of the death of the last survivor, would not be holding "for the use and benefit of the children" entitled to *income,* but would be holding one-fifth of the income for the grandchild or grandchildren ultimately entitled to the *corpus.*

Therefore, the death of one child without child or children him surviving, causes the heretofore *one-fifth* of net gross income to be swelled to one-fourth of the said income—and I will sign a decree accordingly directing the trustee to distribute the income of the estate of Andrew Jackson Burke, formerly payable to James Peabody Burke, deceased, in four equal parts: one-fourth to Marian Virginia Marshall, one-fourth to Sarah E. Taylor, one-fourth to Mary Bradford and Royal Howard Burke, children of Andrew Jackson Burke, Jr., deceased, equally, and one-fourth to Louisa H. Case, daughter of William Barney Burke, deceased.